## (October 22, 1964)

■ BALDWIN-HALL CO., INC., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 35692.) — Judgment insofar as it awards damages to claimant unanimously reversed on the law and facts and claim dismissed and otherwise judgment affirmed, without costs of these appeals to either party. Certain findings of fact and conclusions of law disapproved and reversed and new conclusions made. Memorandum: The State appeals from that portion of the judgment which makes an award to claimant in the sum of $57,000 plus interest as damages for diminution in value of claimant's property caused by the change of grade of Oswego Boulevard in front of claimant's premises for the purpose of construction of an arterial highway. No part of claimant's property was appropriated. The damages claimed by claimant were the result of loss of direct access to the new highway, diversion of traffic making vehicular access to the premises more circuitous from two directions, loss of view by boulevard users and impairment of light and air, none of which give rise to compensable damages under the change of grade statute. (See Second Class Cities Law, § 99.) In *Selig* v. *State of New York* (10 N Y 2d 34) the court said at page 39: "It has long been the rule in this State that consequential damages may not be recovered by an abutting property owner for the diminution in value of his property because the State, in changing the course of a adjoining highway, interferes with the access to his land or diverts traffic therefrom. Damages resulting merely from circuity of access are considered as *damnum absque injuria*". (See, also, *Nettleton Co.* v. *State of New York*, 11 A D 2d 899; *Hall & McChesney* v. *State of New York*, 15 Misc 2d 748, affd. 11 A D 2d 899, mot. for lv. to app. den. 8 N Y 2d 710; *National Biscuit Co.* v. *State of New York*, 12 A D 2d 998, mod. 14 A D 2d 729, affd. 11 N Y 2d 743, cert. den. 370 U. S. 924.) We conclude that the diminution in value of claimant's property is considered as *damnum absque injuria*. Accordingly, the judgment awarding damages should be reversed and the claim dismissed; in all other respects the judgment should be affirmed. (Cross appeals from judgment of Court of Claims for claimant on a claim for damages sustained by reason of change of grade for reconstruction of highway; and appeal by State from an order which reopened the trial of the claim for the introduction of additional testimony on the question of damages.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.